UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JUDY COYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 3:16-cv-022 |
| CROSSVILLE BNRV SALES, LLC and | ) |
| ZERTECK INCORPORATED d/b/a/ | ) |
| BOAT-N-RV WAREHOUSE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# MEMORANDUM OPINION

This case arises from the sale of a motorhome. Plaintiff, Judy Coyne, is a resident of New York. Defendant Crossville BNRV is a limited liability company organized under the laws of Tennessee. Defendant Zerteck d/b/a BNRV Warehouse is a New York corporation.

In October 2012, Plaintiff purchased an unused motor home from BNRV Warehouse ("BNRV") for $115,532. Plaintiff made a $20,000 down payment and financed the remainder through BNRV. BNRV is a dealer only; the motor home was manufactured by Forest River, which is not a party to this suit. Ms. Coyne also purchased an 84-month Service Agreement, whereby a third party, American Guardian Warranty Service, Inc. agreed to repair the motorhome as needed.

Plaintiff took the motorhome in for servicing three times between October 2012 and February 2013. Plaintiff alleges that, when she took the motorhome for its maiden trip in February 2013, she discovered multiple defects in the home's living amenities that made it unusable. She returned the motorhome to BNRV. BNRV and/or the manufacturer was in possession of the motorhome from February 2013 to October 2013, when it was returned to

Plaintiff. Plaintiff claims that BNRV represented to her that the motorhome was repaired, but she discovered on her next trip that the repairs were inadequate and that the motorhome had additional defects. She asserts that the motorhome is unsafe and unfit for any use.

The Purchase Agreement contains a choice of law provision stating that Tennessee law will govern disputes. Plaintiff brings claims under the Magnuson-Moss Consumer Products Warranties Act, codified at 15 U.S.C. § 2301 *et seq.*, and for fraudulent and negligent misrepresentation under Tennessee state law.

## STANDARD OF REVIEW

Defendant brings this Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In resolving a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court does not give credence to mere recitations of the elements of a claim, nor will it consider conclusory statements as valid support. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action[.]" *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556, 557).

In addressing a motion under Rule 12(b)(6), the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Gee v. UnumProvident Corp.*, No. 1:03-CV-147, MDL 1:03-MD-1552, 2005 WL 534873, at *7 (E.D. Tenn. Jan. 13, 2005) ("[I]f documents are attached to, incorporated by, or specifically referred to in the complaint, they are considered part of the complaint and the Court may consider them.") (*citing Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir.1997)).

## ANALYSIS

**a. Breach of Warranty under the Magnuson-Moss Consumer Protection Warranties Act**

Plaintiff brings claims under the Magnuson-Moss Consumer Protection Warranties Act. The MMMWA requires sellers giving written warranties to comply with minimum standards, including limitations on disclaimers of implied warranties. However, the MMWA does not itself create implied warranties; it only confers federal jurisdiction over implied warranties arising under state laws. *See* 15 U.S.C.A. § 2301(7). Therefore, the MMMWA does not replace state warranties, but only supplements them. Thus, any implied warranties in this case arise from Tennessee's U.C.C. framework. Under Tenn. Code Ann. § 47-2-314, the warranty of merchantability is implied in a contract for the sale of goods and operates to warrant that the goods are acceptable within the trade and are fit for their ordinary purpose. Tenn. Code Ann. §

47-2-314. However, the warranty of merchantability can be excluded, provided that a disclaimer explicitly mentions the warranty of merchantability and is conspicuous. Tenn. Code Ann. § 47-2-316.

The two-page Purchase Agreement contains two warranty disclaimers. The first page provides:

> **Factory Warranty -** The manufacturer's warranty constitutes the only warranty sold with this Vehicle. The seller hereby expressly disclaims all warranties, either express or implied, including any warranty of merchantability or fitness for a particular purpose and the Seller neither assumes nor authorizes any other person to assume for it any liability in connection with this sale.

The disclaimer is located directly under the purchaser's signature line. A second disclaimer on the second page repeats the disclaimer:

> Except to the extent required by law, **<u>SELLER DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. ALL WARRANTIES COVERING THE VEHICLE(S) AND/OR EQUIPMENT REFERENCED ON PAGE OF THIS AGREEMENT, IF ANY, ARE MADE BY THE MANUFACTURER.</u>**

(Purchase Agreement at ¶ 12) (emphasis in original). The second disclaimer is in bold type, all capital lettering, and is set off from the rest of the text by underlining. *See Moulton v. Ford Motor Co.*, 1973 WL 21361 (Tenn. Ct. App. May 25, 1973) (noting contrasting type as a conspicuous feature for the purposes of Tenn. Code Ann. §47-2-316); *see also Ducharme v. A&S RV Center, Inc.*, 321 F.Supp.2d 843 (E.D. Mich. 2004) (finding capitalized and bold print conspicuous). It is one of two provisions in the agreement that is emphasized in this way, so it is noticeable to the eye. Further, the language is easy to understand, and it contains the word "merchantability." The warranty disclaimers are in writing and are conspicuous. Under Tennessee law, they are sufficient to disclaim all warranties.

Plaintiff argues that the sufficiency of the disclaimer is irrelevant because the provision is invalid under the MMWA. The MMWA precludes warranty disclaimers where the seller also "enters into" a service contract with the buyer within ninety days of the purchase. 15 U.S.C.A. § 2308. In this case, Plaintiff purchased the Service Agreement along with the motorhome. The Service Agreement states that the contract is between the buyer and the "Agreement Obligor," identified as American Guardian Warranty Services, Inc. ("AGWS"). AGWS is also listed as the "Administrator" of the warranty. BNRV is identified as the "Selling Dealer." The Service Agreement required Plaintiff to take the motorhome to BNRV for necessary repairs if Plaintiff was within forty miles of BNRV. However, BNRV was required to obtain authorization to "diagnose the failure" from AGWS.

Plaintiff contends that, as the seller, BNRV was a party to the Service Agreement. Plaintiff cites *Patton v. Mchone*, a Tennessee Court of Appeals case that addressed a used car sale under the MMWA. 822 S.W.2d 608 (Tenn. Ct. App. 1991). In *Patton*, a car dealer sold a used vehicle to a consumer, who purchased an extended service warranty as part of the same transaction. The warranty was administered by a third party, but the dealer sold it and received a commission for its sale. The seller claimed that the car was sold "as is" under a provision in the contract. The court determined that the "as is" warranty was not effective because the buyer did not receive the disclaimer. *Id.* at 617. The court bolstered its holding by finding that, even if the warranty disclaimer had been delivered to the plaintiff, it was ineffective under the MMWA because the dealer also sold plaintiff a service contract. *Id.* at 617, n. 16. In so finding, the court determined that § 2308 did not distinguish between administrators and selling agents:

> That Harpeth Toyota was acting as an agent for an extended warranty company when it sold the service contract to the Pattons is of no significance insofar as 15 U.S.C. § 2308(a) is concerned. The service contract required the Pattons to obtain

> their service from Harpeth Toyota unless they obtained special permission to go elsewhere. There is no indication in the language or legislative history of the Magnuson–Moss Act that the service contract must originate with or be the sole responsibility of the dealer.

*Id.*

Plaintiff urges the Court to follow *Patton* because the warranty arises from Tennessee law. However, *Patton's* ruling did not concern a matter of state law; Tennessee law does not preclude disclaimers by a party selling a warranty for consumer goods. Rather, the *Patton* court was interpreting a federal statute. Federal courts are not bound by a state court's interpretation of federal laws. *United States v. Miami Univ.*, 294 F.3d 797, 811 (6th Cir. 2002). Federal courts considering whether a dealer's sale of a third-party warranty barred its warranty disclaimers under the MMWA have found that it did not. In *Priebe v. Autobarn, Ltd.*, plaintiff bought a third-party service contract through a dealer, which was not a party to the contract itself. 240 F.3d 584 (7th Cir. 2001). The Seventh Circuit Court of Appeals held that the services contract did not preclude a warranty disclaimer because the contract did not bind <u>the dealership</u> to perform repairs. Defendant points to a case from the Northern District of Illinois that followed *Priebe*. In *Hamilton v. O'Connor Chevrolet, Inc.*, the court found that a provision permitting plaintiff to take his vehicle to a dealer for repairs did not obligate the dealer as a party to the services contract, nor did its role as a selling agent for the third party servicer. 399 F. Supp. 2d 860, 871 (N.D. Ill. 2005). The court stated that "nothing in the Service Contract or the record obligates O'Connor to repair the Chrysler, or reimburse the Hamiltons with respect to such work, and thus O'Connor did not "enter into" the Service Contract for purposes of section 2308 of Magnuson-Moss." *Id.* A district court in Georgia similarly upheld a warranty disclaimer where the service contract was sold by the dealer, but listed a third party as the issuer. *Whitehead v. John Bleakley*

*RV Ctr., Inc.*, No. 109-CV-468-TWT, 2010 WL 925091, at *6 (N.D. Ga. Mar. 8, 2010). *See also Wait v. Roundtree Mobile, LLC*, No. 15-00285-CG-M, 2015 WL 6964668, at *4 (S.D. Ala. Nov. 10, 2015) (finding the dealer was not a party to a services contract where the contract clearly identified a separate company as the issuer); *Leyva v. Coachmen R.V. Co.*, 2005 WL 2246835, 59 U.C.C. Rep. Serv. 2d 456 (E.D. Mich. 2005) (dealer was not party to a warranty under MMWA when it merely delivered manufacturer's warranty and an inspection report).

  Plaintiff argues that the provision requiring her to take the motorhome to BNRV for repairs made BNRV a party to the contract. This is unpersuasive. The Service Agreement required Plaintiff to take the motorhome to BNRV if it needed service, but it did not require BNRV to actually perform any service. In fact, BNRV was not authorized to act under the warranty unless it sought authorization from the AGWS to "diagnose the failure." By itself, this indicates nothing beyond AGWS's preference of a facility; it does not obligate BNRV to take any action. This also marks the present case's distinction from *Patton*, where the plaintiff was required to take the vehicle to the dealer for repairs, unless he received special permission to go elsewhere. 822 S.W.2d at 617, n.16. The *Patton* arrangement implied some measure of obligation on the dealer as an exclusive servicer. In the instant case, however, Plaintiff was only required to take the motorhome to BNRV for diagnostic purposes. The Service Agreement scheme allowed plaintiff to take the motorhome to "any RV service center at which You seek to acquire service" for actual repairs, provided that the repairs were authorized. (See Service Agreement at § I and § VII). AGWS would later reimburse Plaintiff for her claim. (See Service Agreement at § VII). Plaintiff did receive a reduction in her deductible if she chose BNRV for repairs, but she was free to forgo the incentive. (Service Agreement at § III, ¶ 5). Plaintiff's suggestion of an exclusive service arrangement rings hollow under the agreement's plain terms.

Accordingly, the Service Agreement was between Plaintiff and AGWS. BNRV did not "enter into" a services contract with Plaintiff and the MMWA does not apply to this case. The disclaimers were sufficient to expel the implied warranty of merchantability under Tennessee law. Plaintiff has failed to state a claim against these Defendants and her claim under the MMWA is hereby **DISMISSED**.

    b. **Plaintiff's Misrepresentation Claims**

Plaintiff's misrepresentation claims are brought pursuant to Tennessee state law. This Court's jurisdiction over those claims is supplemental only to its jurisdiction over the claim brought under federal law. Because the only claim over which the Court has original jurisdiction has been dismissed, the Court declines to exercise pendent jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). "Generally, 'if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.'" *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) *(quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 726, (1966)). Plaintiff's state law misrepresentation claims will be dismissed without prejudice. *See* 28 U.S.C. § 1367(d).

Accordingly, it is not necessary for the Court to determine whether an agency relationship existed between Defendants BNRV and Crossville BNRV. The Court declines to opine on the issue of whether Crossville BNRV is a proper defendant in this action.

    **IT IS SO ORDERED**.


                ENTER:

                    s/ Leon Jordan
                UNITED STATES DISTRICT JUDGE